IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAN CHARLESTON,<br><br>    Plaintiff(s),<br><br>vs.<br><br>BILL MCCARTHY,<br><br><br><br>    Defendant(s). | 4:14-cv-00164-SMR-HCA<br><br><br><br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

Before the Court is plaintiff's motion for leave to file Second Amended Complaint [61]. The Court discussed this motion with the parties at a status conference held on August 17. Defendant filed his resistance to the motion on August 24 [65] and no reply was filed. The matter is ready for ruling on the motion papers. LR 7.c. Because a ruling on the motion could have a dispositive effect on the claims plaintiff seeks to add, the Court has elected to submit a report and recommendation concerning disposition of the motion. LR 72.d.

As noted in other rulings, this cases arises from events occurring after plaintiff Dan Charleston unsuccessfully ran for Polk County Sheriff against the incumbent, defendant Bill McCarthy, in 2012. Plaintiff filed his original complaint [1] on April 24, 2014. After Judge Rose's rulings on two motions to dismiss, only two claims remain pending in the Amended Complaint [10]: violation of plaintiff's First Amendment rights by transferring him to other positions and taking other adverse employment actions based on his public views, association and expression (Count I) and retaliation in violation of plaintiff's First Amendment rights based on his political association (Count II). The parties have exchanged initial disclosures but have chosen not to conduct discovery awaiting a ruling on the scope of discovery. Because the parties have been

unable or unwilling to reach agreement or even limit a dispute over the appropriate scope of discovery in light of the current procedural posture of the case, the Court is forced to wade through the proposed discovery to set specific parameters in accordance with Judge Rose's previous rulings. Trial currently is set for April 11, 2016.

In the meantime, plaintiff continues to be employed with the Polk County Sheriff's Department. He also announced earlier in 2015 that he plans to again run for sheriff against defendant. He now alleges defendant and other managerial employees have committed additional acts of retaliation against him, starting in the spring of 2015. The present motion seeks to add factual allegations concerning these additional acts and to name seven additional party defendants, including one whom Judge Rose has dismissed from this case twice before, Victor Munoz.

Defendant resists on multiple grounds: the proposed Second Amended Complaint contains allegations which were previously dismissed; the proposed new amendments would add to the "substantial additional discovery" already contemplated by the existing claims; the claims are futile; and the new matters are discretionary functions under the Iowa Code. Additionally, defendant complains about plaintiff's "extrajudicial statements" concerning the case made on four occasions since January 2015, when he announced his intention to run for office again in 2016, and requests plaintiff be sanctioned for those statements.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. *Id.* "Resolution of claims on their merits is favored under Federal Rule of Civil Procedure 15(a)(2) . . . ." *Ash v. Anderson Merchandisers, LLC*, _ F.3d _, _, 2015 WL 4978701, at *3 (8th Cir. Aug. 21, 2015). "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to

the opposing party." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011)(quoting *United States ex rel Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006))(internal quotation marks omitted). "Ordinarily, however, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Utterkar v. Ebix, Inc.*, 2015 WL 5027986, at *3 (N.D. Cal. 2015) (quoting *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Although defendant does not raise the issue as a challenge to plaintiff's proposed Second Amended Complaint, the motion is untimely under the current scheduling order. The deadline for filing motions to add parties was April 2, 2015; the deadline to file motions to amend pleadings was May 1, 2015. This motion was filed August 6, 2015. Based on this timing, leave to amend is subject to the good cause requirement of Fed. R. Civ. P. 16. When a party seeks leave to amend after the scheduling order deadline, "Fed. R. Civ. P. 16(b), 'not the more liberal standard of [Fed. R. Civ. P. 15(a)]' governs." *Morrison Enterprises LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir.), *cert. denied*, 132 S. Ct. 244 (2011)(quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)); *see Williams v. TESCO Services, Inc.*, 719 F.3d 968, 977 (8th Cir. 2013). Rule 16(b) requires a showing of good cause to modify a scheduling order which, in substance, is what a post-deadline motion attempts to do. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)(quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Diligence of the party seeking leave to amend is often the sole focus. *Id*. Generally, the movant must show he could not have reasonably complied with the scheduling order. *See Sherman*, 532 F.3d at 717 (citing Fed. R. Civ. P. 16(b) Advisory Committee's Note (1983 amendment)). Prejudice to the non-movant usually is not a factor if the movant has not been diligent in attempting

to meet the scheduling order deadline. *Sherman*, 532 F.3d at 717. Other factors may come into play, but diligence is first and foremost. Because of the ongoing relationship between the parties and the timing of these events, plaintiff argued at status conference he could not have met the deadlines to add parties or amend pleadings as the events had not yet occurred.

The Court has also compared the proposed Second Amended Complaint to the current Amended Complaint. It contains many of the factual allegations related to claims Judge Rose has previously dismissed from the case, namely ¶¶ 38, 39, 40, 41, 42, 57, 48, 59, 60, 61, 62, 64, 65, 66, and the first sentence of 67, all of which relate to the failure to promote claims Judge Rose found were barred by the statute of limitations. ([14] at 16).

Plaintiff's argument about being unable to bring claims on events which had not yet occurred at the time of applicable case deadlines underscores the Court's concern with granting the present motion. The events at issue in this lawsuit, as limited by Judge Rose's ruling, primarily took place in 2012 in connection with plaintiff's unsuccessful run against defendant McCarthy for the office of Sheriff of Polk County. The factual allegations plaintiff seeks to add (¶¶ 44-55) occurred some three years later, between May 12, 2015 and July 18, 2015. ([61-1] at 7-8). As defendant argues in his resistance, the events are remote in time from the original events. There is also a nearly two-year gap between latest of the events[1] alleged in the Amended Complaint (Amended Complaint [10] ¶¶ 22, 24, 31, 39 in Count I and 41 in Count II) and the new allegations in 2015. Additionally, plaintiff seeks to add seven new defendants, including a new retaliation claim against Victor Munoz who Judge Rose has twice dismissed as a defendant, finding in order [14] that her first dismissal of claims against Munoz under Rule 12(b)(6) in order [9] operated as

---

[1] The latest event as currently pled occurred August 30, 2013. (Amended Complaint [10] ¶ 41 in Count II).

an adjudication on the merits of claims which plaintiff attempted to re-assert against Munoz in the Amended Complaint. ([14] at 21-22).

Defendant also states the suspension referenced in the new allegations is still in the administrative review process, subject to further review in the Iowa district courts. He argues *Younger*[2] abstention principles should apply to the new allegations concerning the suspension. Finally, it appears from defendant's resistance that plaintiff has announced he is running for Sheriff in 2016 against defendant McCarthy, which strongly suggests to the Court the issues between the parties will continue for some time. The Court is concerned that plaintiff's current requested amendments and likely additional requested amendments will place this litigation into a never-ending loop such that a trial on the merits will remain consistently out of reach for some time in the future due to the ongoing underlying administrative procedures, such as the civil service proceedings, that must first be exhausted.

Plaintiff has not filed a reply and at status conference agreed with the procedural posture of the alleged suspension. Although the parties have not engaged in discovery beyond initial disclosures and some extension of present deadlines is likely, this case has been pending since April 2014 and jury trial has been set for April 11, 2016. Under these circumstances, the Court believes good cause has not been shown for the late motion to amend and the better part of discretion is to deny the motion. It is untimely and likely to unduly prolong the existing schedule (particularly if the suspension issue proceeds to state court review). This case is of such a nature that prolonging the litigation between the parties is likely to lead to more allegations of retaliatory

---

[2] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct .756 (1974). "The *Younger* abstention doctrine provides that courts should not exercise federal jurisdiction where '(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.'" *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2015)(quoting *Plouffe v. Ligon,* 606 F.3d 890, 892 (8th Cir. 2010)).

acts and another round of amendments to pleadings, leading to more discovery and further extensions – a conclusive line must be drawn now or the case will never reach an end.

The Court's ruling does not leave plaintiff without a potential remedy regarding the 2015 allegations. Plaintiff has the administrative review process option that he is currently exercising. Furthermore, to the extent that Plaintiff has viable allegations about retaliatory actions relating to his 2015 announcement to run for sheriff, he can pursue those in a separate litigation. That option allows plaintiff to assert his new claims and exhaust his administrative remedies and gives defendant an opportunity to test the viability of those claims without holding the current litigation hostage for a significant period of time.

Finally, to the extent defendant's resistance requests plaintiff be sanctioned for "extra judicial" statements, no specific motion is pending before the Court on this issue and the Court does not elect to so treat the request. Defendant refers to the Iowa Rules of Professional Conduct, however, those apply to counsel and not to plaintiff, who is not an attorney and not bound by those rules. If either party believe that a limitation on extra-judicial comments is appropriate, a motion and supporting brief should be filed.

**IT IS RESPECTFULLY RECOMMENDED** that plaintiff's motion for leave to file Second Amended Complaint [61] be denied.

**IT IS ORDERED** that the parties have until **September 25, 2015** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*,

474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated September 8, 2015.

*[signature]*

HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE
